

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2006

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3313

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lin v. Atty Gen USA" (2006). *2006 Decisions.* Paper 421.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/421

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3313

YAN LIN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77-993-615
(U.S. Immigration Judge: Honorable Henry S. Dogin)

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2006
Before: SCIRICA, *Chief Judge*, SLOVITER and BARRY, *Circuit Judges*

(Filed: September 25, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Yan Lin seeks review of the Board of Immigration Appeals' final order affirming

the decision of the Immigration Judge to deny her application for political asylum,

withholding of removal, and relief under Article 3 of the United Nations Convention

Against Torture. We have jurisdiction to review the Board's order under 8 U.S.C. § 1252. We will deny the petition for review and affirm the Board's order.

## I.

Yan Lin is a native and citizen of the People's Republic of China. She was born on November 25, 1978 in China. Lin contends she seeks political asylum in the United States because the Chinese government forced her to have an abortion, she practiced Falun Gong in China, and she will face future persecution due to her illegal flight from China.

Lin illegally entered the United States on October 10, 2003 using fraudulent travel documents. A deportation officer interviewed Lin in Mandarin, her native language, under oath upon her arrival at Los Angeles International Airport. During that interview, Lin stated she had come to the United States to work. In a second deportation interview on October 22, 2001, Lin contended she sought protection because she had practiced Falun Gong in China.

On December 5, 2003, Lin filed a petition for asylum and withholding of removal. In the petition, Lin contended Chinese officials had forced her to have an abortion in May 2001 because she had become pregnant out of wedlock and in violation of China's family planning policy. Furthermore, in the petition Lin stated she had practiced Falun Gong starting in May 2001 at an aunt's house and Chinese officials had subsequently arrested,

2

detained, and tortured her aunt for her practice. Lin expressed fear she would be detained and tortured if deported to China because of her illegal exit.

The Immigration and Naturalization Service first served Lin with a notice to appear for removal proceedings on October 24, 2001. Lin petitioned for political asylum, withholding of removal, and relief under CAT. After a hearing on January 7, 2004, the Immigration Judge denied the application on all grounds and ordered Lin's removal. Lin filed a timely appeal and the Board of Immigration Appeals affirmed.

## II.

We generally only review final orders of the Board when the Board issues a decision on the merits. *See Li v. Attorney General*, 400 F.3d 157, 162 (3d Cir. 2005); *Abdulai v. Ashcroft*, 239 F.3d 542, 548–49 (3d Cir. 2001). Where the Board adopts the reasoning of the IJ with some discussion of the bases for the IJ's decision, we also review the order of the IJ. *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We use a substantial evidence standard to review factual findings, including credibility determinations, 8 U.S.C. § 1252(b)(4)(B); *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir. 2003), as well as findings of an applicant's past persecution or "well-founded fear of future persecution," *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002).

Under the substantial evidence standard, findings are upheld if a reasonable fact finder could reach a similar conclusion based on the record. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). We will grant the petition for review only if the adverse credibility

determinations are unsupported by the record or are based on mere conjecture. *Gao*, 299

F.3d at 272. Discrepancies in an applicant's testimony must involve the "heart of the

asylum claim" to support an adverse credibility finding. *Id.*

III.

An applicant for political asylum must demonstrate her refugee status by showing

past persecution or a well-founded fear of future persecution. 8 U.S.C. § 1158(b)(1)(B);

8 U.S.C. 1101(a)(42)(A); *Gao*, 299 F.3d at 272. For the Attorney General to grant a

withholding of removal order, an applicant must demonstrate by a "clear probability" that

her life or freedom would be threatened in the proposed country of deportation. 8 U.S.C.

§ 1231(b)(3)(A); *INS v. Stevic*, 467 U.S. 407, 430 (1984). An applicant for protection

under the Convention Against Torture similarly has the burden to demonstrate "that it is

more likely than not that he or she would be tortured if removed to the proposed country

of removal." 8 C.F.R. § 208.16(c)(2). To support all three claims for relief, the applicant

must provide credible testimony and evidence. *Gao*, 299 F.3d at 272.

Here, the Board found no error in the IJ's conclusion that the applicant failed to

provide credible testimony to support her claims. The Board cited the discrepancies

between Lin's sworn airport statement, her "credible fear" interview, and her testimony at

the hearing before the IJ. The Board noted Lin's failure to mention her forced abortion at

the first two official interviews significantly undermined her credibility. Airport

interviews are not necessarily "valid grounds upon which to base a finding that an

4

applicant is not credible," *Dia v. Ashcroft*, 353 F.3d 228, 257 (3d Cir. 2003) (quoting

*Balasubramanrim v. INS*, 143 F.3d 157, 164 (3d Cir. 1998)), especially when the

applicant has difficulty comprehending the questions, *Balasubramanrim*, 143 F.3d at 162.

But here, Lin testified the airport interview was conducted in her native language, she

understood the questions, and she did not challenge the interviewer's conduct or any of

her own responses. *See He Chun Chen*, 376 F.3d at 224 (finding the "IJ and BIA

reasonably relied on . . . contradictory statements" made at the airport interview and

before the IJ in determining the applicant lacked credibility). Accordingly, the IJ and the

Board did not err in relying upon the airport statement to find material inconsistencies in

Lin's statements.

Similarly, the record contains inconsistencies about the extent of Lin's Falun Gong

involvement. In her second interview, Lin contended she practiced Falun Gong at her

aunt's house for a three month period and she feared persecution on this basis if she

returned to China. But at the IJ hearing, Lin admitted she did not know much about Falun

Gong, she only went to her aunt's house "once in a while," and she had never practiced

Falun Gong after her arrival in the United States. These inconsistencies are sufficient to

support the IJ's and the Board's adverse credibility determination.

We will not uphold the conclusions of the IJ or the Board if based on unsupported

personal opinions. *See Dia*, 353 F.3d at 250. But here, the Board provided specific,

cogent reasons to support an adverse credibility determination that went to the heart of

5

Lin's claims for asylum. A reasonable fact finder would not necessarily reach an opposite conclusion.

IV.

For the foregoing reasons, we will deny the petition and affirm the order of the Board.

6